### ACTION FOR JEWELRY LEFT IN SLEEPING CAR.

Circuit Court of Summit County.

THE PULLMAN COMPANY v. GEORGE H. GOBLE, ADMINISTRATOR.

Decided, January, 1909.

*Liability of Sleeping Car Company for Jewelry Left in Berth—Evidence.*

A verdict against a sleeping car company for the value of jewelry left in a berth by a passenger and alleged to have been stolen by the porter, will be set aside where the only evidence that the porter stole the jewelry is the fact that he, in common with passengers on the car, had an opportunity of stealing it.

*Otis, Berry & Otis,* for plaintiff in error.
*G. M. Anderson,* contra.

HENRY, J.; WINCH, J.. and MARVIN, J., concur.

The action below was brought to recover the value of personal jewelry alleged to have been stolen by the porter of a sleeping car from the defendant in error's intestate, a passenger. On retiring, she put the jewelry in a bag by her side between the sheets of her lower berth, and neither saw nor thought of the same again till several hours after leaving the train the next morning at dawn. The porter, appearing at her berth, waked her before light, and repeatedly urged her to make haste in rising and completing her toilet. He warned her that the train was near her destination, and rapped loudly several times at the door of the woman's dressing room to which she had repaired. The lights in the car having failed he had provided her with a candle, and later at her request, he searched in and about her berth for some of her hat pins. She was ready in ample season to leave the car when her stop was reached; and, after she had alighted, the porter passed her hand baggage to her from the car steps, but did not carry it to the waiting room as she desired.

Meanwhile three other passengers were aroused by the noise thus made; and when the porter returned, one of them saw him

apparently making up the berth which had been vacated, though it seems that the upper berth was still occupied. There may be some other slight circumstances relied on to cast suspicion on the porter; but, aside from his more convenient opportunity to steal the jewelry, there is scarcely more reason to charge him with such theft than any of the other occupants of the car. Neither he nor they saw or knew of the jewelry beforehand. The jury's verdict is purest guesswork, and because it is not supported by sufficient evidence, the judgment is reversed and the cause remanded.